SPECTOR, Judge.
Petitioner seeks to review an order of the State Beverage Director denying his application to purchase a licensed alcoholic beverage business and to transfer that business to another location.
The petitioner made application for the transfer to him of beverage license number 16-587 and the business operated thereunder known as Jon’s Liquor Store in Dania, Broward County, Florida. The application, filed pursuant to Section 561.32 — 561.-33, Florida Statutes, F.S.A., reflects that petitioner was to be the sole owner of the subject license and business. Approval was sought to relocate the business from 1017 South Federal Highway to 2204 North Federal Highway in Dania. The application also reflects that the business at the new address is to operate under the trade name “The Torch Club”.
The order denying the transfer recites two grounds. First, that there was an undisclosed person, one Alfred Gordon, who had a proprietary interest in the license sought to be acquired; and, secondly, that the applicant did not buy the business conducted under the license sought to be acquired as must be done under Section 561.-32, Florida Statutes, F.S.A., in order to qualify a license for transfer.
Petitioner contends that the Beverage Director’s finding that the above circumstances exist is not supported by the evidence.
A review of the evidence before the Director indicates that the petitioner is personally qualified in every respect to hold a license under the beverage law. However, petitioner is the brother-in-law of Alfred Gordon, the person that the Director apparently found has an undisclosed interest in petitioner’s application. The record also reveals that Mr. Gordon formerly owned a liquor license under which he operated a business at the same location that petitioner wishes to move the Jon’s Liquor Store license to. Moreover, Gordon’s operation, apparently a cabaret-type saloon, was conducted under the name of The Torch Club. Petitioner’s application for transfer shows that he intends also to operate under The Torch Club name.
Shortly before the petitioner filed his application for the transfer of the Jon’s Liquor Store license, the license held by Mr. Gordon to operate The Torch Club at 2204 North Federal Highway was revoked by the Beverage Department in January, 1967. Petitioner’s application was filed on August 23, 1967.
*239 Section 561.17(1), Florida Statutes, F.S.A., provides that:
“* * * If the applicant or any person interested with the applicant either directly or indirectly in the business for which the license is sought shall be such a person as is within the definition of persons to whom a license should be denied as prescribed by § 561.15 * * * then the application shall be denied by the director.”
Section 561.15 in the portion material to this case provides that persons who have had any beverage license held by them revoked shall not be qualified for the issuance of another license. Unquestionably, petitioner’s brother-in-law, Mr. Gordon, is not eligible for a license by reason of the license revocation he sustained. And if the evidence presented to the Director competently proves that Mr. Gordon is interested directly or indirectly in the license transfer applied for by the petitioner here, then the Director’s denial of such application was correctly entered. No cases have been called to our attention construing the nature of the interest in a business which one must have to come within the statute under consideration, but we take it to mean a pecuniary interest. None has been shown by the record before us. There was evidence that two weeks after the instant application for transfer was filed, Gordon filed a form application for renewal of his beverage license with the City of Dania. However, there was acknowledgement by the respondent that there was then pending some litigation relating to Mr. Gordon’s license. Further, there was evidence indicating that Gordon had conferred with the telephone company about a delinquent bill relating back before petitioner made his application and the utilities were still in his name in the old Torch Club premises. These circumstances, however, are not proof of Gordon’s pecuniary interest in petitioner’s application. To be sure, they give rise to prudent suspicion of an interest, but only that. Similarly, respondent’s investigator’s report to the effect that it was rumored among those in the trade that petitioner was merely acting as a “front” for Gordon by making application for the license transfer in the former’s name can at best serve as the basis for enlightened suspicion that Gordon is interested in the license transfer application. None of the foregoing circumstances constitute competent substantial evidence that petitioner is acting as a front for Gordon. We do not hold that Gordon has no interest in the license in question. We hold only that the evidence in the record before the court does not support such a finding. A finding of that kind must await more substantial evidence, if any there be.
The petitioner has filed a sworn statement as is required by law in support of his application for transfer. That statement includes the very material representation that he alone is or will be the owner of the license sought to be transferred. It is not an idle statement for it is made on peril of being charged with perjury under Section 837.01, Florida Statutes, F.S.A., which imposes a penalty of up to twenty years imprisonment on those convicted thereunder. Moreover, should it later develop that the petitioner was suborned to commit perjury by any person having an undisclosed direct or indirect interest in the license sought to be transferred, a similar penalty may be imposed upon such person upon conviction of violating Section 837.03, Florida Statutes, F.S.A. In view of these penalties which the law may impose in proper cases, there is no necessity for the Beverage Department to unduly disbelieve averments contained in sworn documents which enjoy the protective cover of our criminal perjury laws. If it should later appear, based on competent substantial evidence, that Mr. Gordon or any other person who is disqualified from holding a license has a direct or indirect interest in the subject license, the Beverage Department may put into motion its administrative processes to determine whether petitioner may retain the license in question.
*240 The other reason given by the respondent for denial of the transfer is that the evidence failed to show that petitioner had purchased the business operated under the license in question as is required by Section 561.32, Florida Statutes, F.S.A. The record contains a copy of the sale agreement between the petitioner and the persons from whom he is buying the license to be transferred. It shows a consideration given for the license, thirty-six bar stools, and an ice maker. Obviously, these items of personalty were as much a part of the business being operated by the sellers as any other equipment which had been used. We cannot construe the statute to mean that each and every piece of equipment or furbishment used in the operation of a licensed alcoholic beverage business must be part and parcel of every bona fide sale of the license. If it is said that petitioner did not buy the business authorized to be conducted by the license, then who may conduct such business? No one other than the holder of the license, for it cannot otherwise be legally carried on.
It does not appear to us that there was substantial competent evidence to support the findings of fact and conclusions of law made by the respondent in the entry of his order denying the application to transfer the license here involved; and, therefore, the order departs from the essential requirements of law. Guthrey v. State Beverage Department, Fla.App., 179 So.2d 628.
The writ of certiorari is therefore granted and the order of the Director of the State Beverage Department is quashed and this cause is remanded to the said administrative agency for the entry of an order approving the transfer applied for. Said order approving the transfer shall, in conformance with the above, be without prejudice to the respondent’s right to file revocation charges and hold hearing thereon should it hereafter appear that any person is directly or indirectly interested in this license who is prohibited from obtaining such license by Section 561.15(3), Florida Statutes, F.S.A.
Certiorari granted.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.