NIMMONS, Judge.
This is an appeal from a final order of the Department of Business Regulation denying appellants a Section 120.57 hearing. We reverse and remand for a hearing.
Appellants sought to obtain a liquor license through the lottery process conducted by the Division of Alcoholic Beverages and Tobacco pursuant to the provisions of Section 561.19, Florida Statutes (1981). Appellants’ application for one of three available licenses in Brevard County was among those included in the pool from which the random drawing was made and which drawing determined the order in which the license applications would be considered. Appellants came in fourth in the drawing behind applicants George Keal, Leonard Dexter Jones and Gail Passaretti who were ultimately awarded the three licenses.
Appellants’ petition for a 120.57 hearing alleged that the applications of Keal, Jones and Passaretti should have been disqualified because (1) applicant Keal was directly or indirectly interested with another applicant, George Donnall, in the proposed business, and Keal also did not have a properly zoned location for his business when his application was filed; (2) applicant Jones was directly or indirectly interested with another applicant, Joseph Allen Williams, in the proposed business; and (3) applicant Passaretti did not have a properly zoned location for her business when her application was filed.
Section 561.19(4) provides, in pertinent part:
(4) * * * Any applicant whose name is included in the pool for drawing to determine priority but who is not granted a license shall be entitled to request a hearing on the denial pursuant to s. 120.57 only on the grounds that the selection process was not conducted in accordance with law or that the licensee selected does not possess the qualifications required by law.
Initially, we reject the Department’s interpretation of the above section that an applicant, while “entitled to request” a hearing, has no right to such a hearing and that any such hearing is totally discretionary with the Department. That is simply not a reasonable construction of the statute.
Next, we deal with appellants’ claim that the selection process was not conducted in accordance with law because applicant Keal and another applicant, Donnall, both had an interest in the same business for which the license was sought and because of the similar claim directed at the applications of Jones and Williams. The question is whether these allegations, if true, establish that the selection process was not conducted in accordance with the applicable law.
Section 561.19(2), which sets forth the statutory requirements for conducting the *985 random selection process, includes the following requirement:
(2) * * * The director shall not include more than one application from any one person, firm or corporation in the random selection process, nor may he consider more than one application for any one person, firm, or corporation when there are fewer applications than available licenses.
Our determination of the intent of the above section requires consideration of the following definitional provision of Section 561.01(14):
(14) “Licensee,” “applicant,” or “person” means an individual, corporation, firm, partnership ... or any such entity having a financial interest, directly or indirectly, in another such entity.
We believe that the intent of Section 561.19(2), when read together with Section 561.01(14), is that it is improper to include in the drawing pool separate applications of persons who, directly or indirectly, are financially interested in the other applications. We assume that is why the Department initially rejected the application of appellant Frederick Peterson and the separate application of his wife, appellant Katherine Peterson. The Petersons were subsequently allowed to file one joint application which was included in the pool.
The applicants seeking to be included in the random selection pool were required to complete a form furnished by the Department entitled “Preliminary Application for New Quota Alcoholic Beverage License.” The information set forth in the Keal application and in the Donnall application clearly show that both applications sought a liquor license for the same business. The proposed name of the business and its location appear as the same on the face of both applications. Since there was no 120.57 hearing, we do not know whether the Department simply ignored the apparent “duplicative” applications or investigated and determined that they were not, for some reason, violative of the Section 561.-19(2) proscription against duplicative applications. We are of the view that appellants are entitled to a 120.57 hearing on the alleged improper inclusion in the pool of both the Keal application and the Donnall application.
On the other hand, it does not appear from the face of the Jones application and the Williams application that there was any duplication or overlapping of interests in those applicants. Under the relatively new lottery procedures for issuing liquor licenses, the Department is required to fully investigate only those applications which are randomly selected from the pool. Section 561.18, Florida Statutes (1981). The preliminary applications on forms utilized by the Department are required to be completed and executed under oath by the applicant. The Department is entitled to rely upon the answers furnished by the applicant in screening them for inclusion in the pool. Cf. Wilkenfíeld v. Meiklejohn, 216 So.2d 237 (Fla. 1st DCA 1968). For this reason, the Department’s order was not in error insofar as those grounds of the petition pertaining to the Jones and Williams applications.
Likewise, the petition for hearing was insufficient insofar as it was grounded upon the assertion that applicants Keal and Passaretti did not have properly zoned locations when their preliminary applications were filed. The Department was entitled to rely upon the sworn preliminary applications which clearly represented that Keal’s and Passaretti’s proposed businesses were “properly zoned.”
The order appealed is reversed and the case is remanded for further proceedings consistent with this opinion.
THOMPSON and BARFIELD, JJ„ concur.